IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANKIE HERNANDEZ,**

        **Petitioner,**

    v.                              CASE NO. 10-3244-SAC

**ROGER WERHOLTZ,
et al.,**

        **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.[1] Petitioner has also filed a Motion to Proceed in forma pauperis, with financial information in support that indicates it should be granted.

Mr. Hernandez was convicted by a jury in the Wyandotte County District Court, Kansas City, Kansas, of first degree murder and

---

[1] As grounds (1) and (2) in his federal Petition, Mr. Hernandez claims that the trial court erred in its instructions to the jury, and that he raised on direct appeal. As ground 3, he claims the prosecutor committed prosecutorial misconduct during closing. As ground 4, he claims ineffective assistance of trial counsel, and alleges that he presented this issue in a 1507 motion to the trial court, and appealed its denial to the KCA. However, he alleges that he did not appeal to the Kansas Supreme Court but wrote "numerous letters to his attorney to file a Petition for Review," who "refused to respond." Ground 5 appears to be the same general claim as Ground 2; however, as supporting facts, petitioner alleges the different claim that his appellate counsel was ineffective on direct appeal for failing to raise particular issues. He alleges that he presented this issue to the trial court and the KCA in his 1507 proceedings. As ground 6, he claims the trial and appellate courts improperly allowed admission of statements he made while at the hospital under heavy sedation, and that he was denied an evidentiary hearing on this claim. He alleges that he raised this claim in his 1507 motion. As ground 7, he again claims prosecutorial misconduct, and alleges that he raised this claim on direct appeal but it was "not properly reviewed" by the Kansas Supreme Court. He also claims that trial and appellate counsel were incompetent for not effectively presenting this issue. As ground 8, petitioner claims the evidence was insufficient to convict him of first degree felony murder, and alleges that this issue was not raised on direct appeal or in his 1507 motion. He further alleges that he instructed his attorney to present this issue, but was ignored. As ground 9, he claims cumulative error, and alleges this issue was not raised on direct appeal or in his 1507 motion because his attorney failed to address it. Petitioner generally responds in his form Petition that all grounds have been presented to the highest state court; however, his specific allegations with respect to exhaustion of each ground indicate otherwise.

criminal discharge of a firearm (04CR1301); and on February 25, 2005, was sentenced to 20 years to life plus 34 months. He directly appealed, and the Supreme Court affirmed on February 2, 2007.

Petitioner alleges that he filed a state post-conviction motion pursuant to K.S.A. § 60-1507 (1507 motion) in the trial court that raised claims including ineffective assistance of counsel. However, he does not provide the date on which this motion was filed, which is crucial. He alleges that the denial was "affirmed" by the Kansas Court of Appeals (KCA) on December 18, 2009, and cites Appellate Case No. 101491. The district court case number assigned to this action was 08CV211. It may be assumed from the 08 case number that Mr. Hernandez's 1507 motion was filed on or before December 31, 2008.[2]

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim ." 28 U.S.C. 2244(d)(2). It appears from the

---

[2] The Kansas Appellate Courts on-line records indicate his appeal of the denial of his 1507 motion was docketed on December 1, 2008. Thus, the court could also assume that his 1507 motion was filed prior to December 1, 2008.

face of the Petition that, without additional statutory or equitable tolling, this federal Petition is time barred.

Applying the statutory provisions to the known facts of this case, petitioner's convictions "became final" for limitations purposes on or about May 4, 2007.[3] The statute of limitations began to run on this date, and ran at least until December 31, 2007, or nearly 8 months without interruption. It was statutorily tolled during the pendency of petitioner's "properly filed" 60-1507 motion, which was from the date it was filed in 2008 through the date the 1507 proceedings were completed. Even if the court presumes that petitioner's 1507 motion was filed on the earliest date possible in 2008, that is January 1, 2008, and that the statute of limitations was tolled beginning on that date, those proceedings were completed when the denial of petitioner's 1507 petition was affirmed by the KCA on December 18, 2009, and the time for appeal expired. The on-line Kansas Appellate Courts records indicate that Mr. Hernandez did not appeal the KCA decision in Appellate Case 101491 to the Kansas Supreme Court. It follows that the statute of limitations began running again near the end of December 2009, with no more than 4 months and a couple days remaining. It then ran uninterrupted until it expired sometime in April or May of 2010. Mr. Hernandez did not file the instant federal petition until several months later on

---

[3] Mr. Hernandez's conviction was affirmed on direct appeal by the Kansas Supreme Court on February 2, 2007. He then had 90 days to file a petition for writ of certiorari in the United States Supreme Court. Because Mr. Hernandez did not seek review in the U.S. Supreme Court, his conviction became final after the 90-day time limit expired, which was on or about May 4, 2007. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

December 2, 2010.[4]

If the limitations period was allowed to run for a combination of 12 months before and after the pendency of the 1507 proceedings, the only question left is whether or not petitioner is entitled to equitable tolling. Petitioner omitted the last two pages of the form petition, and as a result did not include the question or response on timeliness. He has thus not alleged any facts that would entitle him to equitable tolling.

Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Petitioner will be given time to allege facts establishing that he is entitled to equitable tolling,[5] or to otherwise show cause why

---

[4] Generally, this court uses the date the federal petition was executed in its limitations calculations, rather than the date of filing by the court; however, the page on which Mr. Hernandez was to sign and date his Petition has been omitted. His motion to proceed in forma pauperis that was received with the Petition was executed on November 23, 2010. Even if that date is used, the Petition is still out of time.

[5] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000)(citations omitted). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the statutory time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. Furthermore, claims of ineffective post-conviction counsel do not support equitable tolling because there is no constitutional right to counsel in such proceedings.

this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).  If he fails to properly respond within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

**IT IS SO ORDERED.**

Dated this 7th day of January, at Topeka, Kansas.

s/Sam A. Crow  
U. S. Senior District Judge